UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

STEPHEN RICHARD COLSON,                                              CASE NO. 09-51954-NPO

DEBTOR.                                                              CHAPTER 7

FIDELITY NATIONAL TITLE INSURANCE                                    PLAINTIFF
COMPANY AS SUCCESSOR-IN-INTEREST OF
LAWYERS TITLE INSURANCE CORPORATION

V.                                                                   ADV. PROC. NO. 10-05007-NPO

STEPHEN RICHARD COLSON                                               DEFENDANT

MEMORANDUM OPINION AND ORDER
GRANTING REQUEST TO REOPEN ADVERSARY TRIAL

This matter came before the Court for hearing on July 24, 2013 (the "Hearing"), the request of Fidelity National Title Insurance Company as successor-in-interest of Lawyers Title Insurance Corporation ("Fidelity") to reopen the record in the trial (the "Adversary Trial") of the above-styled adversary proceeding (the "Adversary") in order to present additional direct testimony of John Howard Shows, Esq. ("Shows"). Fidelity included its request to reopen the trial (the "Request") in Fidelity National Title Insurance Company's Post-Trial Brief on *Bullock v. Bankchampaign, N.A.* (the "Post-Trial Brief") (Adv. Dkt. 122). In opposition to the Request, the Debtor, Stephen Richard Colson ("Colson"), filed the Defendant Colson's Response to Fidelity's Request to Reopen the Trial of the Adversary (the "Response") (Adv. Dkt. 127). At the Hearing, William Alex Brady, II, represented the Debtor, and Sheryl Bey and Alan L. Smith represented Fidelity. After considering the pleadings and the arguments of counsel presented at the Hearing, the Court rendered its decision from the bench and granted the Request. This Opinion memorializes and supplements the Court's bench ruling.

**Jurisdiction**

The Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(I). Notice of the Request was proper under the circumstances.

**Facts**

1. On September 4, 2009, Colson filed the voluntary petition (the "Petition") for relief under chapter 7 of the Bankruptcy Code (the "Bankruptcy Case") in Case No. 09-51954-NPO.

2. On March 8, 2010, Fidelity commenced the Adversary by filing the Complaint to Determine Dischargeability of the Debt to Lawyers Title Insurance Corporation under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6) (Adv. Dkt. 1) against Colson.

3. On March 11, 2010, Fidelity filed the First Amended Complaint to Determine Dischargeability of the Debt to Lawyers Title Insurance Corporation under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6) (the "Amended Complaint") (Adv. Dkt. 2). In the Amended Complaint, Fidelity asserted claims against Colson for (1) breach of fiduciary duty, (2) breach of contract, (3) breach of the duty of good faith and fair dealing, (4) embezzlement, (5) fraud, (6) negligence, (7) conversion, (8) unjust enrichment, (9) bad faith, and (10) indemnity. (*Id.*). Fidelity also asserted that the debt allegedly owed by Fidelity was non-dischargeable in the Bankruptcy Case on the grounds, *inter alia*, that it fell within the definition of a "defalcation" under 11 U.S.C. § 523(a)(4). (*Id.*).

4. On July 15, 2010, Colson filed the Defendant Stephen Richard Colson's Answer to First Amended Complaint and Affirmative Defenses (Adv. Dkt. 21), in which he generally denied liability.

5. The Adversary Trial was held from January 14 through January 16, 2013, and from January 28 through January 29, 2013.

6. After the Adversary Trial, Fidelity filed Fidelity National Title Insurance Company's Post-Trial Brief on Limited Issues (Adv. Dkt. 118) on March 8, 2013. On that same date, Colson filed Defendant's Post-Trial Brief (Adv. Dkt. 119).

7. In the meantime, on October 29, 2012, the United States Supreme Court granted the petition for certiorari in *Bullock v. BankChampaign, N.A.,* 133 S. Ct. 526 (2012), to consider whether "defalcation" under 11 U.S.C. § 523(a)(4) required a specific finding of ill intent. Given the relevancy of the issue in the Adversary, the Court entered the Order Holding Adversary in Abeyance (Adv. Dkt. 120) on April 2, 2013. *See James B. Beam Distilling Co. v. Ga.*, 501 U.S. 529 (1991) (the retroactive application of a rule to the litigants in the case in which the rule was first announced, requires other courts to apply the same rule retroactively to litigants in similar cases). After the Supreme Court issued its decision on May 13, 2013, in *Bullock v. BankChampaign, N.A.,* 133 S. Ct. 1754 (2013), the Court entered the Order Regarding Submission of Supplemental Briefs (Adv. Dkt. 121), in which it instructed the parties to submit supplemental briefs applying *Bullock*.

8. Fidelity filed the Post-Trial Brief on May 28, 2013. In the Post-Trial Brief, Fidelity requested an "opportunity to supplement Mr. Shows' expert opinion and reopen the trial proceedings to supplement Mr. Shows' direct testimony in which he applies the *Bullock* standard to Mr. Colson's conduct." (Adv. Dkt. 122 at 8).

9. Colson filed the Defendant's Post-Trial Brief Applying *Bullock v. BankChampaign, N.A.*, 2013 U.S. LEXIS 3521 (May 13, 2013) (the "Colson Post-Trial Brief") (Adv. Dkt. 125) on June 5, 2013. In the Colson Post-Trial Brief, Colson did not mention

Fidelity's Request to reopen the Adversary trial. For that reason, the Court, through the Clerk of the Court, issued a Notice of Deadline to Respond to Request to Reopen Trial (Adv. Dkt. 126) on June 6, 2013, instructing Colson to file a written response. On June 20, 2013, Colson filed the Response.

      10.    The Hearing on the Request and Response was held on July 24, 2013.

## Discussion

In the Post-Trial Brief, Fidelity described the standard required to prove the exception under *Bullock* for "a debt for defalcation while acting in a fiduciary capacity," as a "new heightened standard of proof." (Post-Trial Brief at 1-2). Fidelity alleged that there are now two requirements under the heightened standard of proof. First, a creditor must show evidence of conduct "that the fiduciary consciously disregards or is willfully blind to 'a substantial and unjustifiable risk' that his conduct will turn out to violate a fiduciary duty." (Post-Trial Brief at 3, quoting *Bullock*, 133 S. Ct. at 1759). Second, a creditor must show that the risk involves "a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation." (*Id.*, quoting *Bullock*, 133 S. Ct. at 1760). Fidelity maintained that the evidence adduced at the Adversary Trial clearly showed that Colson "consciously disregarded or was willfully blind to 'a substantial and unjustifiable risk' that his conduct would violate his fiduciary duties." (*Id.*, quoting *Bullock*, 133 S. Ct. at 1759). Fidelity asked permission to supplement Shows' testimony at the Adversary Trial to address the second requirement. In support of the Request, Fidelity pointed out that Shows did not specifically address whether Colson's "conduct and the circumstances known to him involves a gross deviation from the standard of conduct that a similarly situated law-abiding person would observe." (Post-Trial Brief at 8).

In the Response, Colson objected to the reopening of the Adversary Trial for two reasons. First, he disagreed that *Bullock* had changed the standard for proving defalcation. He contended that *Bullock* merely explained the standard and that Fidelity simply applied the wrong standard at the Adversary Trial. In short, Colson argued that Fidelity should not be allowed a second chance to establish the same standard that was in place at the time of the Adversary Trial. Colson described Fidelity's Request as a "mulligan" and a waste of judicial resources. (Response at 2). The second reason Colson opposed the Request is because requiring him to incur expensive legal fees was simply unfair. (Response at 2).

A trial court has broad discretion to reopen a case to accept additional evidence. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971). The Fifth Circuit has established three factors that trial courts should consider when deciding whether to reopen a case: (1) the importance and probative value of the additional evidence; (2) the reasons for the moving party's failure to introduce the evidence at the trial; and (3) the possibility of prejudice to the non-moving party. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 609 (5th Cir. 2000). The Court applied each of these factors in turn to the Request before it.

First, the Court found at the Adversary Trial that the additional evidence that Fidelity asked to present through Shows' testimony is of probative value. Although Colson disputed that *Bullock* changed the law, it is clear to the Court that it did. *See, e.g., Borsos v. United Healthcare Workers-W. (In re Borsos)*, BAP No. EC-12-1163, 2013 WL 2480657 (B.A.P. 9th Cir. June 10, 2013) (vacating judgment and remanding case to allow bankruptcy court to reopen the record in light of the new scienter component announced in *Bullock*). If Fidelity was not allowed to supplement Shows' opinion and trial testimony regarding how a "similarly situated law-abiding person" would have acted, then Fidelity would not have had a fair opportunity to

meet the second requirement in *Bullock*. Thus, the Court found that evidence provided by Shows' testimony is both important and of probative value to Fidelity's ability to meet their burden of proof.

Second, the Court found that Fidelity had a legitimate reason for failing to elicit the testimony from Shows during the Adversary Trial. The Supreme Court did not issue the *Bullock* opinion until after the close of the Adversary Trial. As a result, Fidelity applied the defalcation standard then espoused by the Fifth Circuit.

Third, the Court found little doubt that if Fidelity was allowed to supplement Shows' trial testimony, Colson would incur additional attorney's fees and costs. The Court also found, however, that the prejudice to Colson would not be unfair, given the conditions imposed by the Court.[1] The scope of Fidelity's inquiry will be limited to testimony relevant to the second requirement under *Bullock*, which Fidelity was unaware of at the time of the Adversary Trial. Colson then will have the opportunity to cross-examine Shows and, thus, will have the same opportunity as Fidelity to question Shows regarding the heightened standard promulgated in *Bullock*. Also, to minimize attorney's fees and costs, the Court granted counsel for Colson the option of participating by video-conferencing, if he so chooses.

## Conclusion

After applying the factors enumerated by the Fifth Circuit, the Court found that the Request should be granted and that Fidelity should be allowed to supplement the trial testimony of Shows in light of the *Bullock* decision. The scope of inquiry, however, should be limited to

---

[1] Although the third factor adopted in *Kona Technology* requires the Court to consider only the possibility of prejudice, and not unfair prejudice, the Fifth Circuit has previously stated that the trial court's discretion should take into account considerations of fairness, substantial justice, and *undue* prejudice. *Hall v. Aetna Cas. & Sur. Co.*, 617 F.2d 1108, 1110 (5th Cir. 1980). (emphasis added)

testimony relevant to the second standard of proof, namely, whether Colson's actions involved "a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation."

IT IS, THEREFORE, ORDERED that the Request is hereby granted and the record of the Adversary Trial is hereby reopened for the presentation of additional evidence in the record subject to the following conditions:

1. Fidelity is allowed to present additional direct testimony of Shows related to the *Bullock* standard of proving defalcation as set forth herein;

2. Colson is allowed to cross-examine Shows; and

3. Colson's counsel, if he so chooses, may participate by video-conferencing in order to minimize attorney's fees and expenses.

IT IS FURTHER ORDERED that the date and time for presentation of Shows' testimony shall be set by separate order of this Court.

SO ORDERED.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: July 31, 2013